United States District Court
Southern District of Texas
**ENTERED**
May 03, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EXCLUSIVE FISHING TEXAS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:16-CV-125 |
| | § | |
| MARKEL AMERICAN INSURANCE | § | |
| COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Defendants removed this case from the Civil Court at Law No. 1 of Nueces County, Texas to this Court on April 19, 2016, citing 28 U.S.C. §§ 1441(a) and 1332(a), Dkt. No. 1 at 2. On April 20, 2016, the Court ordered the parties to confer and file a joint discovery/case management plan by June 20, 2016. Dkt. No. 3 at 1. The parties jointly move to stay this action until no later than May 31, 2016, Dkt. No. 12. The Court addresses two related pending issues before granting the motion to stay in part and denying it in part.

First, the court directed Kevin C. Cazalas ("Cazalas"), one of the attorneys who represents Plaintiff, to advise how he intends to proceed in light of the fact that his membership in the bar of this Court has expired. Dkt. No. 6 at 1. Cazalas responds that he was unaware his membership had expired and that he applied for readmission on April 26, 2016. Dkt. No. 10 at 1. Also, Cazalas has updated his contact information on file with the Clerk. *Id.* The court directs Cazalas to file a notice in this case when he receives a decision on his application for readmission. Meanwhile, Plaintiff remains represented by Donald L. Jones ("Jones"), who is an active member of the bar of this Court. Dkt. No. 1-3 at 1.

Second, on April 22, 2016, Plaintiff filed a notice of nonsuit of its claims against some of the Defendants named in its Original Petition. Dkt. No. 5. Cazalas

signed Plaintiff's first notice filed April 22, 2016, so Plaintiff refiled it, this time signed by Jones, on April 29, 2016, Dkt. No. 11 at 1–2. Defendant Markel American Insurance Co. filed its answer one day before Plaintiff filed its second notice of nonsuit, however, Dkt. No. 7. The filing of that answer extinguished Plaintiff's unilateral right to dismiss voluntarily without a court order by filing a notice of dismissal complying with Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See In re Amerijet Int'l., Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam) ("[T]his court has determined that Rule 41(a)(1)(A)(i) 'means precisely what it says' by stating that only the filing of an answer or motion for summary judgment terminates the plaintiff's unilateral right to dismiss the action by notice." (quoting *Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters*, 506 F.2d 914, 916 (5th Cir. 1975))). After an answer or motion for summary judgment has been filed, a plaintiff must file "a stipulation of dismissal signed by all parties who have appeared" to dismiss an action voluntarily without a court order. Fed. R. Civ. P. 41(a)(1)(A)(ii). Only Jones signed the notice of nonsuit filed April 29, 2016, Dkt. No. 11 at 2, and that notice, therefore, did not voluntarily dismiss any party under Rule 41(a)(1)(A)(ii).

Finally, the parties jointly move to stay this case. Dkt. No. 12 (motion signed by Jones); *see also* Dkt. No. 4 (original motion signed by Cazalas). According to their motion to stay, the parties represent that they agreed to an early mediation of their dispute and request a stay until the earlier of May 31, 2016, or the date on which they advise that their settlement efforts have completed. Dkt. No. 12 at 1. They represent that a stay will allow them to focus on their settlement efforts. *Id.* The Court finds that the parties have demonstrated good cause to stay this action, especially in view of the fact that a Federal Rule of Civil Procedure 12(b)(6) motion has been filed, Dkt. No. 8. The parties also ask the Court to toll all outstanding deadlines during the stay, including their deadline to file a joint discovery/case management plan. Dkt. No. 12-1 at 1 (proposed order). Because the parties' efforts to settle this case may conclude at any time in the month of May and the issues may be narrowed, the Court denies the parties' request to toll their deadline for filing a joint discovery/case management plan. *See* Fed. R. Civ. P. 16(b)(2) (directing entry

of a scheduling order "as soon as practicable"). The parties may reurge their request once the stay has been lifted.

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the parties' Joint Motion to Stay, Dkt. No. 12. The court **ORDERS** this case **STAYED** until the earlier of (1) the date on which the parties advise the Court that their settlement efforts are complete or (2) May 31, 2016. The Court further **ORDERS** the deadline to respond to the Rule 12(b)6) motion filed April 28, 2016, Dkt. No. 8, tolled during the stay. The Court grants the parties leave to reurge their request to extend the deadline to file a joint discovery/case management plan once the stay has been lifted. Finally, the Court directs the Clerk to terminate the Joint Motion to Stay filed April 22, 2016, Dkt. No. 4, for the reasons stated in the order entered April 26, 2016, Dkt. No. 6.

SIGNED this 3rd day of May, 2016.

Hilda Tagle
Senior United States District Judge